[No. 10,412.]

## THE PEOPLE *v.* AH TON.

INTRODUCTION OF EVIDENCE BY CONSENT.—It is competent for a defendant in a trial for felony to consent to the introduction of evidence to which he might otherwise have objected.—[REPORTER.]

NEW TRIAL—DILIGENCE.—A motion for a new trial on the ground of newly discovered evidence should not be granted without a satisfactory showing of diligence.—[REPORTER.]

APPEAL from the District Court of the Eleventh Judicial District, Calaveras County.

The defendant was convicted of murder, and a new trial having been denied him, he appealed. The other facts sufficiently appear in the opinion.

*George L. Woods,* for Appellant.

*Attorney-General Hamilton,* for the People.

By the COURT:

1. We have carefully examined the record in this cause, and we are unable to discover any legal reason why the judgment rendered below should be disturbed here. At the trial the dying declaration of the deceased, and the proceedings had before the Coroner's jury, in the absence of the prisoner, seem to have been in evidence without objection—in fact, pursuant to stipulation, and " *as evidence for both sides,*" and we have no doubt that it is competent for a defendant on trial for a felony to con-

sent to the introduction of evidence to which he might otherwise have well objected.

2. The motion for a new trial by reason of newly discovered evidence was properly denied. Admitting the importance of the evidence of Ah Yong, the newly discovered witness, had it been produced at the trial, no sufficient reason is shown why he was not examined at the trial. No diligence upon the part of the prisoner or his counsel is shown. No affidavit of the prisoner himself is produced; and, for aught that appears, the residence of Ah Yong, and the fact that he would give this alleged newly discovered evidence, may have been well known to the prisoner at the time of the trial.

Judgment and order denying a new trial, and denying the motion in arrest of judgment, affirmed, and the Court below directed to fix a day for carrying the sentence into execution.